IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY and ALLIED WORLD INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>v.<br><br>OHM FLORENCE, LLC d/b/a THUNDERBIRD COUNTRY BUFFET and/or MOTEL 6 FLORENCE; and SHIRLEY REED,<br><br>    Defendants. | C/A No. 4:25-cv-11219-JD<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiffs, The Burlington Insurance Company ("TBIC") and Allied World Insurance Company ("Allied World"), for their Complaint for Declaratory Judgement, allege as follows:

**NATURE OF ACTION**

1. Pursuant to 28 U.S.C. §§ 2201 and 2202, TBIC and Allied World seek a declaratory judgment that TBIC and Allied World owe no obligations to Defendant OHM Florence, LLC d/b/a Thunderbird Country Buffet and/or Motel 6 Florence ("OHM") under a commercial general liability policy issued by TBIC and an umbrella liability policy issued by Allied World for claims asserted against OHM in a civil lawsuit captioned, *Shirley Reed v. OHM Florence, LLC d/b/a Thunderbird Country Buffet*, Case No. 2024-CP-21-00548, filed in the Court of Common Pleas for Florence County, South Carolina[1] (the "Underlying Lawsuit"), because OHM failed to provide timely notice of the Underlying Lawsuit and the events giving rise to the Underlying Lawsuit in breach of the liability policies, and also because OHM assumed obligations in connection with the Underlying Lawsuit without TBIC's and Allied World's consent.

---

[1] The Underlying Lawsuit has since been transferred to the Maset in Equity in Florence County, South Carolina.

1

2. On November 8, 2023, Shirley Reed ("Reed") allegedly visited the Thunderbird County Buffet, which was in OHM's possession and control, where she allegedly sustained injuries after slipping and falling because of alleged unsafe conditions on the premises.

3. As a result of the incident, Reed sent OHM a letter of spoilation of evidence on November 28, 2023. Reed sent another letter to OHM on January 2, 2024, detailing the incident and requesting that OHM contact Reed's attorney. On March 5, 2024, Reed served OHM with her Summons and Complaint filed in the Underlying Lawsuit. The Summons and Complaint were served on OHM's registered agent on March 18, 2024. OHM failed to timely appear and respond to the Complaint filed in the Underlying Lawsuit. A default judgement was entered against OHM in the Underlying Lawsuit on May 2, 2024. Thereafter, on March 31, 2025, Reed was awarded $4,161,541.00 in the Underlying Lawsuit.

4. OHM failed to provide TBIC and Allied World with timely notice of the Underlying Lawsuit and the events giving rise to the Underlying Lawsuit in breach of certain conditions precedent to coverage under TBIC's and Allied World's respective policies. In addition, OHM further breached certain conditions precedent to coverage under TBIC's and Allied World's respective policies by assuming an obligation in connection with the Underlying Lawsuit without TBIC's and Allied World's consent.

5. Because OHM breached certain conditions precedent to coverage under TBIC's and Allied World's respective policies, TBIC and Allied World owe no defense or indemnity obligation to OHM in connection with the Underlying Lawsuit.

6. Accordingly, a real, substantial, and justiciable controversy exists between TBIC and OHM and Allied World and OHM with respect to TBIC's and Allied World's rights, duties, and obligations under their respective liability policies relative to the Underlying Lawsuit, which is subject to resolution by this Court under 28 U.S.C. §§ 2201 and 2202.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2201 and 2022 insofar as TBIC and Allied World seek a declaration of their rights and duties under their respective liability policies.

8. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1) because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(1) and (2), since the defendants all reside in the same state and in this judicial district, and since a substantial part of the events giving rise to this declaratory judgment occurred in this judicial district.

**PARTIES**

10. TBIC is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business in Hartford, Connecticut. TBIC is authorized to transact business and write insurance policies in the State of South Carolina.

11. Allied World is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the State of New Hampshire, with its principal place of business in the State of New York. Allied World is authorized to transact business and write insurance policies in the State of South Carolina.

12. Upon information and belief, OHM is a limited liability company organized and existing under the laws of the State of South Carolina, with its principal place of business located in South Carolina. OHM may be served legal process through its Registered Agent, Sagar Patel, at 340 Plantation View Ln., Mt. Pleasant, South Carolina 29464.

13. Upon information and belief, Reed is, and at all times was, a citizen and resident of Sumter County, South Carolina. Reed is named as an interested and necessary party to this litigation to be bound by the determination of this Court.

## FACTUAL BACKGROUND

A. **The Underlying Lawsuit**

14. On March 5, 2024, Reed filed her Complaint in the Underlying Lawsuit, asserting claims against OHM arising out of an incident that occurred on November 8, 2023. A true and accurate copy of the Complaint filed in the Underlying Lawsuit (the "Reed Complaint") is attached hereto as **Exhibit 1**.

15. Reed alleges that on November 8, 2023, she visited the Thunderbird Country Buffet located at 2004 West Lucas Street, Florence, South Carolina (the "Restaurant"), when she allegedly slipped on loose rocks in the Restaurant's parking lot, causing her to fall backwards and sustain injuries (the "Incident").

16. The Reed Complaint alleges that OHM was in possession and control of the Restaurant and had agents and employees working in the course and scope of their employment at the Restaurant, and that OHM owed a duty to the public, generally, and to Reed in particular, to protect persons from unsafe conditions on its premises as well as a duty to maintain the premises in a safe manner.

17. Reed alleges OHM breached its duties.

18. It is further alleged that Reed suffered injury and financial loss as a result of the Incident, which Reed alleges was directly and proximately caused by OHM.

19. Reed asserts causes of action against OHM in the Underlying Lawsuit for Premises Liability (Count I), Negligence (Count II), and Vicarious Liability (Count III).

20.     Reed seeks recovery of actual damages and punitive damages against OHM in the Underlying Lawsuit.

**B.     The TBIC Policy**

21.     TBIC issued a commercial general liability policy, policy no. 605BG00846-02, to OHM Florence, LLC dba Motel 6 Florence as the named insured, effective January 1, 2023, to January 1, 2024 (the "TBIC Policy"). A true and accurate copy of the TBIC Policy is attached hereto as **Exhibit 2**.

22.     As a condition for coverage, the TBIC Policy provides that "[OHM] must see to it that [TBIC is] notified as soon as practicable of an 'occurrence' or an offense which may result in a claim," and that "[i]f a claim is made or 'suit' is brought against any insured, [OHM] must: … (2) Notify [TBIC] as soon as practicable" and "see to it that [TBIC] receive[s] written notice of the claim or 'suit' as soon as practicable." **Exh. 2**, p. 31.

23.     Furthermore, as a condition of coverage, the TBIC Policy provides that "[OHM] and any other involved insured must: (1) Immediately send [TBIC] copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit'." **Exh. 2**, p. 31.

24.     The TBIC Policy also excludes coverage for "[a]ny claim of or indemnification for punitive or exemplary damages," and provides that "[TBIC] will not have any obligation to pay for any fees, including but not limited to attorney fees, costs, interest or damages attributable to punitive or exemplary damages." **Exh. 2**, p. 50.

**C.     The Allied World Policy**

25.     Allied World issued umbrella liability policy no. 0313-5686-1089582, to Paramount Real Estate Group, Inc., effective November 1, 2022, to November 1, 2024 (the "Allied World Policy"). A true and accurate copy of the Allied World Policy is attached hereto as **Exhibit 3**.

26. The Allied World Policy includes Endorsement No. 10, Commercial General Liability Limitation Endorsement, which provides that the Allied World Policy does not provide coverage for Commercial General Liability. **Exh. 3**, p. 16. Endorsement No. 10 further provides, however, that "if insurance for Commercial General Liability is provided by a policy listed in **Scheduled Underlying Insurance**: 1. [t]his exclusion shall not apply; and 2. [c]overage under [the Allied World Policy] will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of" the Allied World Policy. **Exh. 3**, p. 16.

27. The Allied World Policy includes Endorsement No. 24, Declarations Amendatory Endorsement (Amendment of Item 3. Limits Of Insurance), which provides that the Allied World Policy's Limits of Insurance are deleted in their entireties and replaced "[a]s Per Member Certificate of Participation." **Exh. 3,** p. 43.

28. The Allied World Policy includes Endorsement No. 33, Member Policy Period Limitation Endorsement, which provides that "Section **VI. DEFINITIONS**, Paragraph N. **Policy Period** is deleted in its entirety and replaced" to mean "the period of time from the later of the inception date shown in the Member Certificate or Item 2. of the Declarations, to the earlier of the expiration dates shown in the Member Certificate or the effective date of either the expiration or termination of this policy." **Exh. 3**, p. 57.

29. The Allied World Policy includes Endorsement No. 34, Named Insured Amendatory Endorsement, which provides that "Section **VI. DEFINITIONS**, Paragraph J. **Named Insured** is deleted in its entirety and replaced" to include as a **Named Insured**, in relevant part, "if you are a **Risk Purchasing Group**, your members, but only if: a. a Certificate of

Participation in this Policy is issued to the member; and b. a copy of the Certificate of Participation is authorized by [Allied World]….." **Exh. 3**, p. 58.

30. In addition, the Allied World Policy defines **Insured** to include, in relevant part, the **Named Insured**. **Exh. 3**, p. 98.

31. The Allied World Policy potentially provides coverage, in relevant part, only for covered damages in excess of the Allied World Policy's **Retained Limit**, which is defined to include, in relevant part, "the total applicable limits of **Scheduled Underlying Insurance** and any applicable **Other Insurance** providing coverage to the **Insured**…." **Exh. 3**, pp. 79, 102.

32. The Allied World Policy defines **Scheduled Underlying Insurance** to mean the TBIC Policy. **Exh. 3**, pp. 5, 102; *see also* the Member Certificate of Participation issued to OHM, a true and correct copy of which is attached as **Exhibit 4**.

33. The Allied World Policy also includes various conditions precedent to coverage, including Condition G. **Duties in the Event of an Occurrence, Claim or Suit** ("Condition G."). **Exh. 3,** p. 94.

34. Condition G. requires OHM to, in relevant part, notify Allied World as soon as practicable of an **Occurrence** that may result in a claim or **Suit** under the Allied World Policy. **Exh. 3**, p. 94. Condition G., also provides that if a claim is made or **Suit** is brought against OHM that is reasonably likely to involve the Allied World Policy, OHM must notify Allied World "in writing as soon as practicable." *Id.* Condition G., also requires OHM to, in relevant part, immediately send Allied World copies of any demands, notices, summonses, or legal papers received in connection with the claim or **Suit**. *Id.* Condition G, further provides, in relevant part, that OHM will not, except at OHM's own cost, assume any obligation or incur any expense without Allied World's consent. *Id.*

35. A Member Certificate of Participation was issued to OHM (the "Certificate"). **Exh. 4**, p. 1. The Certificate identifies OHM as the Insured Purchasing Group Member, identifies the Allied World Policy, identifies the Member Policy Period as January 5, 2023 to January 5, 2024, and states the Allied World Policy's Limits of Insurance with respect to coverage for OHM is $5,000,000 Per Occurrence and in General Aggregate. **Exh. 4**, p. 1.

36. Therefore, with respect to OHM, the Allied World Policy's **Policy Period** is January 5, 2023 to January 5, 2024, the Allied World Policy's Limits of Insurance are $5,000,000 Per Occurrence and in the General Aggregate, and OHM is a **Named Insured** under the Allied World Policy.

**D.     OHM's Failure to Provide Notice to TBIC and Allied World**

37. The Incident allegedly occurred on November 8, 2023.

38. OHM failed to notify TBIC and Allied World of the Incident.

39. Reed's counsel sent OHM a letter of spoilation of evidence on November 28, 2023, requesting OHM preserve all video surveillance in its possession on the date of the Incident (the "November 28 Letter").

40. Reed's counsel sent OHM another letter on January 2, 2024, providing notice of the Incident and the claims at issue, and requesting OHM to contact Reed's counsel (the "January 2 Letter").

41. OHM was served with the Reed Complaint in the Underlying Lawsuit on March 18, 2024.

42. OHM failed to timely appear in the Underlying Lawsuit and respond to the Reed Complaint.

43. As a result, an Order of Default was entered against OHM in the Underlying Lawsuit on May 2, 2024.

44. OHM did not notify TBIC of the Incident, the November 28 Letter, the January 2 Letter, or the Underlying Lawsuit until June 14, 2024, which was after the Order of Default was entered against OHM in the Underlying Lawsuit.

45. OHM did not notify Allied World of the Incident and the Underlying Lawsuit until on or about September 10, 2024 - 177 days after OHM was served with the Reed Complaint and 131 days after the Order of Default was entered against OHM in the Underlying Lawsuit.

46. Upon learning of the Incident and the Underlying Lawsuit on June 14, 2024, TBIC provided a defense to OHM subject to a full and complete reservation of TBIC's rights under the TBIC Policy. TBIC specifically reserved its rights to disclaim coverage for OHM for the Underlying Lawsuit because OHM had failed to comply with the conditions precedent for coverage by failing to provide timely notice to TBIC of the Incident and claims asserted against OHM in the Underlying Lawsuit and by failing to immediately forward to TBIC a copy of the Reed Complaint served on OHM in the Underlying Lawsuit.

47. OHM filed a Motion to Set Aside the Entry of Default on June 21, 2024, which the Court presiding over the Underlying Lawsuit denied on September 4, 2024.

48. OHM then filed a Motion to Alter or Amend the Judgment on September 6, 2024, which was also denied on October 30, 2024.

49. OHM filed a Renewed Motion to Set Aside the Entry of Default on March 20, 2025.

50. On March 31, 2025, a hearing on damages was conducted in the Underlying Lawsuit, during which Reed presented evidence in support of a damage award of $4,161,541.

51. On April 14, 2025, the Court presiding over the Underlying Lawsuit entered an Order denying OHM's Renewed Motion to Set Aside the Entry of Default and also ordered Reed was entitled to an award of damages $4,161,541.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment – No Coverage under the TBIC Policy)**

52. TBIC incorporates by reference the preceding paragraphs as if fully set forth herein.

53. The Federal Declaratory Judgment Act ("DJA") provides that the courts of the United States "may declare the rights and other legal relations of any interested party seeking such declaration" and that any "such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). The DJA also provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

54. A genuine, actual, and justiciable controversy has now arisen and presently exists between and among the parties to this action concerning the applicable coverage afforded by TBIC under the TBIC Policy for the claims or damages resulting from the allegations contained in the Underlying Lawsuit, and specifically whether OHM is entitled to coverage under the terms of the TBIC Policy for the claims in the Underlying Lawsuit, including the Default Judgment entered against OHM in the Underlying Lawsuit.

55. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy among them as to whether TBIC has an obligation to defend and/or indemnify OHM in the Underlying Lawsuit under the terms of the TBIC Policy.

56. The TBIC Policy does not provide coverage to OHM for the claims asserted in the Underlying Lawsuit because:

   a. TBIC does not have a duty to defend or indemnify OHM for the claims and damages asserted in the Underlying Lawsuit, including the Default Judgment against OHM, because OHM failed to satisfy the "Duties in the Event of

       Occurrence, Offense, Claim or Suit" condition for coverage in the TBIC Policy in that OHM failed to provide timely notice of the Incident or the claims asserted against OHM in the Underlying Lawsuit, and also failed to immediately send copies of any demands, notices, summonses, or legal papers received in connection with the claim or the Underlying Lawsuit to TBIC, which has resulted in substantial prejudice to TBIC;

  b. TBIC does not have a duty to defend or indemnify OHM for the claims and damages asserted in the Underlying Lawsuit, including the Default Judgment against OHM, because OHM failed to comply with the "Duties in the Event of Occurrence, Offense, Claim or Suit" condition for coverage in the TBIC Policy in that OHM voluntarily assumed an obligation without consent of TBIC in allowing entry against it of an Order of Default after being service with the Reed Complaint in the Underlying Lawsuit;

  c. The "Exclusion – Punitive Damages" endorsement to the TBIC Policy excludes coverage under the TBIC Policy for any claim for punitive or exemplary damages or any fees, including but not limited to attorney fees, costs, interest, or damages attributable to punitive or exemplary damages that may be awarded against OHM in the Underlying Lawsuit; and

  d. The liability limits under the TBIC Policy are $1,000,000 per occurrence, and so even if there were coverage, which is expressly denied, TBIC would have no obligation to indemnify OHM, or satisfy the Default Judgment, for any amount over the $1,000,000 limits.

57. The TBIC Policy does not provide coverage to OHM for the claims in the Underlying Lawsuit, including the Default Judgment against OHM in the Underlying Lawsuit, because the TBIC Policy contains other terms, conditions, and exclusions which otherwise preclude coverage for the claims against OHM in the Underlying Lawsuit.

58. TBIC requests this Court to declare the rights, obligations, and liabilities of the parties under the TBIC Policy with respect to the claims asserted in the Underlying Lawsuit. Specifically, TBIC is entitled to a judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging that it does not have an obligation to defend or indemnify OHM under the terms of the TBIC Policy in the Underlying Lawsuit, including any duty to indemnify OHM for any portion of the Default Judgment entered against OHM in the Underlying Lawsuit.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment – No Coverage under the Allied World Policy)**

59. Allied World incorporates by reference the preceding paragraphs as if fully set forth herein.

60. Coverage under the Allied World Policy is subject to various conditions precedent, including Condition G. Condition G. states, in relevant part, that OHM must notify Allied World as soon as practicable of an **Occurrence** that may result in a claim or **Suit** under the Allied World Policy.

61. Condition G. also provides that if a claim is made or **Suit** is brought against OHM that is reasonably likely to involve the Allied World Policy, OHM must notify Allied World in writing as soon as practicable.

62. Condition G. further requires OHM to, in relevant part, immediately send Allied World copies of any demands, notices, summonses, or legal papers received in connection with the claim or **Suit**.

63. Additionally, Condition G. provides, in relevant part, that OHM will not, except at OHM's own cost, assume any obligation or incur any expense without Allied World's consent.

64. OHM seeks coverage for the Underlying Lawsuit, including the damages awarded to Reed on April 14, 2025, under the Allied World Policy.

65. OHM breached Condition G., which is a condition precedent to coverage under the Allied World Policy, by (1) failing to notify Allied World as soon as practicable of the Incident; (2) failing to notify Allied World, in writing, of the Underlying Lawsuit as soon as practicable; (3) failing to immediately send Allied World copies of any demands, notices, summonses, or legal papers received in connection with the Incident and the Underlying Lawsuit; and (4) voluntarily assuming an obligation in allowing entry against it of an Order of Default after being service with the Reed Complaint in the Underlying Lawsuit.

66. Accordingly, the Allied World Policy does not provide coverage to OHM for the Underlying Lawsuit.

67. The Allied World Policy further does not provide coverage to OHM for the Underlying Lawsuit, including the Order of Default against OHM in the Underlying Lawsuit, because the Allied World Policy contains other terms, conditions, and exclusions that preclude coverage for OHM under the Allied World Policy for the Underlying Lawsuit.

68. Specifically, the Allied World Policy's Commercial General Liability Limitation Endorsement excludes coverage under the Allied World Policy where coverage is not afforded by the TBIC Policy. Because there is no coverage afforded under the TBIC Policy, there is no coverage afforded under the Allied World Policy.

69. A genuine, actual, and justiciable controversy has now arisen and presently exists between and among the parties to this action concerning the applicable coverage afforded by Allied World under the Allied World Policy for the claims or damages resulting from the allegations contained in the Underlying Lawsuit, and specifically whether OHM is entitled to coverage under the terms of the Allied World Policy for damages awarded in the Underlying Lawsuit.

70. Allied World has no adequate remedy at law to resolve the controversy regarding whether OHM breached the Allied World Policy's Condition G. in connection with the Underlying Lawsuit.

71. Accordingly, Allied World is entitled to a declaration that it owes no obligation to defend or indemnify OHM in connection with the Underlying Lawsuit under the Allied World Policy because OHM breached the Allied World Policy's Condition G., which is a condition precedent to coverage, in connection with the Underlying Lawsuit.

WHEREFORE, Allied World asks this Court for a declaration that it owes no obligation to defend or indemnify OHM relative to the Underlying Lawsuit under the Allied World Policy because OHM breached the Allied World Policy's Condition G., which is a condition precedent to coverage, in connection with the Underlying Lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE,** TBIC and Allied World respectfully request that this Court enter judgment in TBIC's and Allied World's favor and against OHM as follows:

1. That the Court declare that the TBIC Policy and the Allied World Policy do not afford coverage to OHM for the Underlying Lawsuit;

2. That the Court declare that TBIC and Allied World are not required to defend OHM under the TBIC Policy and/or the Allied World Policy for the Underlying Lawsuit;

3. That the Court declare that TBIC and Allied World are not required to indemnify OHM under the TBIC Policy and/or the Allied World Policy for the damages awarded in the Underlying Lawsuit, including any portion of the Order of Default entered against OHM in the Underlying Lawsuit;

4. That the costs of this action be taxed against the defendants;

5. For a trial by jury on all issues so triable; and

6. For such other and further relief as the Court may deem just and proper.

This the 19th day of August, 2025.

/s/ David G. Harris
David G. Harris II
S.C. Federal Bar No.: 12039
David L. Brown
N.C. State Bar No. 18942
GOLDBERG SEGALLA LLP
701 Green Valley Road, Suite 310
Greensboro, North Carolina  27408
Telephone:    336.419.4900
Facsimile:    336.419.4950
Email:    dbrown@goldbergsegalla.com
         dharris@goldbergsegalla.com

*Attorneys for The Burlington Insurance Company*


/s/ Kevin K. Bell

Kevin K. Bell
S.C. Federal Bar No.: 5854
Robinson Gray Stepp & Laffitte, LLC
2151 Pickens Street, Suite 500
Columbia, South Carolina
T: 803.227.1111
kbell@robinsongray.com

Ian A. Cooper (*pro hac vice* forthcoming)
Justine E. Marlin (*pro hac vice* forthcoming)
Nicolaides Fink Thorpe Michaelides Sullivan LLP
10 South Wacker Drive
Chicago, Illinois 60606
T: 312.585.1400
icooper@nicolaidesllp.com
jmarlin@nicolaidesllp.com

William O. Williams, III (*pro hac vice* forthcoming)
Nicolaides Fink Thorpe Michaelides Sullivan LLP
600 17th Street, Suite 2700S
Denver, Colorado 80202
T: 720.894.0886
wwilliams@nicolaidesllp.com

*Attorneys for Allied World Insurance Company*